**CAPURRO v. THE ALL AMERICA et al.**

Civ. A. No. 11635.

United States District Court E. D. New York.

Feb. 20, 1952.

Philip Brown, Brooklyn, for plaintiff.

Kirlin, Campbell & Keating, New York City, James B. Magnor, New York City, of counsel, for defendant All American Cable & Radio, Inc.

INCH, Chief Judge.

This is a civil action brought by plaintiff to recover for an alleged leg injury sustained by him in falling down a ladder on the cable-ship S. S. All America, owned and operated by the defendant All American Cable & Radio, Inc. The action is not an in rem admiralty suit against the vessel, and no process has been served against the vessel.

In February 1950, plaintiff was employed aboard the ship as a messman. It is his claim that while performing his duties he was caused to fall from an outside ladder on the starboard side of the ship because of the loose and defective condition of the handrail on the ladder.

The case was tried without a jury. The complaint states a cause of action for indemnity based on negligence and unseaworthiness, and a cause of action for maintenance and cure. A third cause of action alleging that plaintiff was induced to sign his contract of employment by reason of fraud and duress was withdrawn at the trial after a total failure of proof thereon.

694

■ After observing the witnesses and considering all the evidence presented I find that plaintiff has failed to sustain the burden of proof with respect to negligence on the part of defendant, or as to the unseaworthiness of the ship. The testimony of the ship's master and crew, which I find worthy of belief, and the photographs of the ladder and handrail submitted by defendant clearly establish that the handrail was at all material times firm and secure and in good condition.

Moreover, I cannot find from the evidence presented that plaintiff fell from the ladder, or that he suffered any injury aboard the ship. The preponderance of credible evidence is plainly to the contrary. The ship's officers, including plaintiff's immediate superior, the Chief Steward, denied any knowledge of the accident, or any request for treatment by the plaintiff. Although plaintiff requested treatment from the ship's captain for other ailments, and received extended treatment for such ailments in four different hospitals or medical installations, where he was examined by numerous doctors, at no time did he mention any fall or injury, or request any treatment therefor. Plaintiff claims he did not do so because he was afraid the doctors were incompetent and might cause more serious damage to his leg. Under all the circumstances I find this explanation incredible.

■ Neither is plaintiff entitled to any recovery for maintenance and cure. On July 19, 1950 plaintiff left the S. S. All America and entered the U. S. Marine Hospital at Norfolk, Virginia, with a diagnosis of venereal disease. He was given antisyphilitic therapy and a circumcision was also performed. On September 7, 1950 he was discharged from the hospital "immediately fit for full duty". Plaintiff is not entitled to maintenance and cure for this period of hospitalization, and he does not appear to make such a claim.

■ On October 22, 1950 plaintiff entered the U. S. Public Health Service Hospital at Staten Island, New York, for treatment of hemorrhoids and a revision of the circumcision previously performed at the Norfolk hospital. Plaintiff was operated on for both those conditions on October 23, 1950. However, the records of the hospital indicate that on plaintiff's examination at "General Surgery" it was noted that plaintiff had a "flail" or drop foot resulting from poliomyelitis in early childhood, and that plaintiff was subsequently transferred to the Orthopedic Service of the hospital for further treatment, where an operation was performed on his right ankle to correct that condition on November 28, 1950. Plaintiff was discharged from the hospital on March 12, 1951 but returned to the out-patient clinic for physical therapy to his ankle from time to time until November 6, 1951. Plaintiff claims maintenance and cure from the time of his discharge from the Staten Island hospital on March 12, 1950 to the present time.

However, the record is clear that the hospitalization, medical treatment and operation performed with respect to plaintiff's right leg were caused by a paralytic condition which had existed for many years prior to his employment aboard the vessel, and which did not arise out of, or become aggravated by his service aboard the vessel. As already stated, no record of the defendant company, or of any hospital, was presented which would indicate any history or treatment for an injury or fall. Dr. Michele, director of Orthopedic surgery at the Staten Island hospital, who performed the operation on plaintiff's foot, testified in substance that plaintiff's condition was not caused by trauma, but by poliomyelitis, or infantile paralysis, and that in view of the evident atrophy of the leg the condition must have existed for at least fifteen or twenty years. He stated that trauma could not have been a factor because the nature of the paralysis was such that it originated in the spinal cord, and was not associated with any trauma in the leg or foot. This medical testimony was uncontradicted and was generally corroborated by the reports of other doctors who had examined plaintiff at the Staten Island and Norfolk hospitals.

It follows that defendant is entitled to judgment. Findings of fact and conclusions of law are being filed herewith.